UNITED STATES COURT
NORTHERN DISTRICT
ABILENE DIVISION

---

Robert M. Handlon
    Plantiff

  -against-

Warden Stearns
Prior Warden Marquez
Medical Administrator Lozano
Officer Jane White
Officer John Doe
Officer Morales
Officer Canales

   Defendants

§
§
§
§
§
§  AMENDED COMPLAINT
§
§
§  JURY TRIAL DEMANDED
§
§ Case # 1:22-cv-00008-H
§
§
§
§
§
§

---

## PRELIMINARY STATEMENT

This is a civil rights action filed by Robert M. Handlon,
a federal prisoner, for damages and injunctive relief under
42 U.S.C. §1983, alleging a deliberate indifference to
serious medical needs of prisoner's which created the
unnecessary and wanton infliction of pain...violating
plantiff's Eighth Amendment to the United States Constitution.

## JURISDICTION

This court has jurisdiction over the plantiff's claim of
violation of federal constitutional rights under 42 U.S.C.§§
1331(a) and 1343.

## PARTIES

The plantiff Robert M. Handlon, was incarcerated at Federal
Correctional Institution at Big Spring Tx. (Big Spring),
during the events described in this complaint.

Defendants- Officer Morales(no longer employed)
Officer Canales, Officer White, and Officer Doe, are sued in
their individual capacities.

Defendant Mr Lozano, the medical administrator at Big Spring,
is sued in his individual capacity.

1

Defendant Mr. Stearns is the current warden at FCI Big Spring and is responsible for the assigning of positions and over-sees every department in Big Spring. He is sued in his official capacity.

Defendant Mr. Marquez is the former warden and had the same responsiblity as the current warden. He is sued in his official capacity.

All the defendants have acted, and or continue to act, under the color of federal law and ploicy at all times relevant to this complaint.

FACTS

On or about March 3, 2020, the plantiff was exposed to the Delta variant of Covid-19. This came to be from the direct wrecklessness of Officer Morales. All officers were told at FCI Big Spring to abstain from travel during this outbreak of Covid-19. However Morales traveled to El Paso, Tx to see family and friends. During this time this area was a known 'hotspot' for Covid-19. After testing positive for Covid plantiff was taken to a different section of the unit to be quarantined. After a few months in this 'quarantine', plantiff was again moved with new inmates who had newly tested positive. This cross contamination continued until every person in a 600 man unit had eventually contracted Covid-19. Staff knowingly placed inmates infected with Covid-19 with inmates who had yet to catch Covid-19. While confined in these make-shift quarantine units, inmates were deprived of adequate drinking water and access to restroom facilities. There was a continuous disregard to these issues as well as having enough cleaning supplies to keep what we did have, clean. There is actual material proof of these conditions that will be provided at trial. Inmates were forced to shower in areas covered with black mold, there were at any time a lack of areas in which one could relieve themselves in. When this issue was addressed, nothing was changed.

On or about Jnauary 2, 2022, Officer Canales knowingly and intentionally came to work at plantiff's assigned unit infected with the Omicron variant of Covid. Other officers White, and Doe, unknown to plantiff, advised Canales to stay working and NOT go home to self quarantine. Plantiff has only come to this knowledge from other officers

2.

who were upset that Canales had too put them at risk. Deliberate indifference requires that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. It is clear that this case meets that exact verbage. This does indeed establish a clear violation of plantiff's Eighth Amendment. After knowingly staying at work while infected with Covid-19, Canales then proceeded to take the only protection inmates have against contracting Covid, masks, away by conducting shakedowns of inmates living areas while sleeping. As Canales worked the 12am-8am shift at plantiff's unit. 90% of inmates contacted this varaint as a direct result of Canales' wrecklessness. Plantiff tested positive on 1-8-22 and was again severely ill due to the wrecklessness of the staff here at Big Spring FCI. Big Spring has a documented history of failing to pass inspections when it comes to the medical department. There has grown such a thick culture of delibereate indifference that has continued to go unchecked. Even at this current time there is a great chnace that this facility will again fail this inspection. The culture which has infested this institution is out of control. In the discovery process this Court will see just how bad things have gotten. This culture of deliberate indifference has taken lives and left inmates such as myself with long-term serious health issues. There were little to no measures that were taken place to avoid this. The officials that were responsible for such measures were silent and absent. To place positive inmates with negative inmates shows a disregard to inmate health and safety. Not only was this done the first time, it was also done the second time around, a full year later. That alone should have been enough time to work out a better system to implement. However there was no want or order to do things different because of the infested culture this institution has fostered. Only now in the last month has the regional staff come and shut down the quarantine unit where inmates were kept. The reasons being that it was 'inhumane'. This case has merit and constitutes serious issues.

Plantiff has contracted Covid-19 (Delta) due to the negligence and violation of federal policy by correctional staff here at Big Spring and has now, again, caught the other variant, Omicron, due to the same culture of negligence here at Big Spring. This only goes to show in a great light the culture of deliberate indifference of medical needs and well being of the inmates here at Big Spring. When the federal government took custody of plantiff it became the ultimate responsibility of the BOP to ensure the safety and well-being of the plantiff. Not only have they failed miserably, but it seems it was also intentional.

## CLAIMS FOR RELIEF

The actions of the defendants Morales, Canales, White and Doe demonstrate a culture of deliberate indifference when it comes to safety and wellness of inmates here at Big Spring. The actions of these defendants amount to criminal neglect and assault. Not only was all this known, it was ignored.

## RELIEF REQUESTED

Wherfore plantiff requests that the court grant the following relief:

A. Issue a declaratory judgement stating that:
1. The deliberate indifference shown by ALL defendants violated the plantiff's rights under the Eighth Amendment to the United States Constitution and constitute assault under federal law.
Defendants Morales, Canales, White, and Doe's failure to take action to prevent the spread of Delta and Omicron at Big Spring violated the plantiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an injunction ordering defendants Lozano and Stearns or their agents to:

1. Immediatedly arrange for the plantiff's need to see an 'outside' specialist to fully and truthfully diagnose the long term issues with plantiff's lungs and mental lapses that have worsened since contacting yet again another variant of Coronavirus.

2. Immediately there after arrange for the plantiff's need for treatment and all other therapy or follow-up medical

4.

treatment to be evaluated by a medical practitioner with
expertise in the treatment of these injuries.

3. Carry out without delay the treatment directed by such
medical practitioner.


C. Award Compensatory Damages in the Following Amounts:

1. $200,000 jointly and severally against defendants Morales,
Canales, White, and Doe for the physical and emotional trauma
and injuries as a result of the gross negligence shown by
thses defendants.

2. $25,000 jointly and severally against defendants Stearns,
Marquez, and Lozano for allowing and fostering a culture of
deliberate indifference and neglect which resulted in emotional
and physical injuries  during these last two years.

D. Award Punitive Damages in the Following Amounts:

1. $20,000 each against Morales, Canales, White, and Doe

2. $15,000 each against defendants Stearns, Marquez, and
Lozano

E. Grant such other relief as it may appear that plantiff
is entitled.


[January 18, 2022]


Respectfully Submitted,

Robert M. Handlon

3-13-2022

5.